UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M. DOCANTO,<br><br>　　　　　Defendant. | 1:20-cv-00042-DAD-GSA-PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I.　BACKGROUND

Devante B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 8, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

Plaintiff's Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.　SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly took place. Plaintiff names as sole defendant Correctional Officer (C/O) M. DoCanto ("Defendant").

Plaintiff's allegations follow:

On December 4, 2015, Plaintiff was assigned to the Security Housing Unit (Segregation) and housed in Facility 4B, Building 2L, cell 48. Defendant C/O DoCanto was assigned to this same housing unit where he worked as a floor officer on second watch. Plaintiff had filed several administrative appeals against Defendant DoCanto.

On December 4, 2015, Plaintiff left his cell for some period during second watch. He did not have any sharpened metal in his cell when he left. Upon information and belief, Defendant DoCanto went into Plaintiff's cell while escorting the nurse during afternoon medication delivery. Upon information and belief, and in retaliation for Plaintiff's administrative appeals

against him, Defendant DoCanto planted some sharpened metal in Harris's cell. Defendant DoCanto exited Plaintiff's cell and then came back later under the guise of performing a cell search. DoCanto "found" the sharpened metal he had planted and attributed it to Plaintiff's constructive possession. DoCanto authored a false Rules Violation Report against Plaintiff, accusing him of possession of dangerous contraband. DoCanto then proclaimed to have disposed of this dangerous contraband. A lieutenant held a disciplinary hearing on this charge, found Plaintiff not guilty and dismissed the charge.

Plaintiff seeks nominal, punitive, and compensatory damages in the amount of one hundred thousand dollars.

### IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Retaliation – First Amendment Claim

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). A plaintiff can allege retaliatory intent with a time line of events from which retaliation can be inferred. See Watison, 668 F.3d at 114.

Here, Plaintiff alleges that Defendant DoCanto retaliated against him by planting sharpened metal in Plaintiff's cell because he (Plaintiff) filed administrative grievances against Defendant DoCanto. Plaintiff alleges that Defendant DoCanto later authored a false Rules Violation Report against Plaintiff accusing him of possession of dangerous contraband.

While Plaintiff has alleged that Defendant DoCanto took adverse actions against him, he has not shown any connection between the adverse actions and Plaintiff's participation in the prison grievance process, except to allege that he had filed administrative grievances against Defendant DoCanto. Plaintiff has not alleged *facts* demonstrating that Defendant DoCanto acted against him *because* he filed grievances.

In the Complaint, Plaintiff alleges that "upon information and belief," Defendant DoCanto went into Plaintiff's cell while escorting the nurse during afternoon medication delivery, and "upon information and belief," in retaliation for Plaintiff's administrative appeals against him, Defendant DoCanto planted some sharpened metal in Harris's cell. (ECF No. 1 at Plaintiff also alleges that Defendant DoCanto wrote false reports against him. These allegations do not establish that a causal connection between Plaintiff's protected conduct and the claimed adverse actions exists. Plaintiff merely speculates that Defendant DoCanto acted against him because Plaintiff had filed administrative appeals against Defendant DoCanto. Therefore, Plaintiff fails to state a claim for retaliation against Defendant DoCanto. Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies in this claim.

### B. False Reports

Plaintiff claims that Defendant DoCanto wrote a false disciplinary report against him. This allegation, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 *(*2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing

Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).  Therefore, Plaintiff has no protected liberty interest against false information being reported against him.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against the sole defendant, C/O M. DoCanto.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Plaintiff shall be granted leave file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d. 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on January 8, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against the sole defendant C/O DoCanto upon which relief may be granted under § 1983;
2. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend within **thirty (30) days** from the date of service of this order:
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00042-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **March 24, 2021**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE