UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVANTE B. HARRIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. DOCANTO,<br><br>        Defendant. | **1:20-cv-00042-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 16.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.   BACKGROUND**

Devante B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On January 8, 2020, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)  On March 24, 2021, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 15.)  On April 30, 2021, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 16.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP-Corcoran) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly took place. Plaintiff names as sole defendant Correctional Officer (C/O) M. DoCanto ("Defendant"), who is being sued in his individual capacity.

Plaintiff's allegations follow:

On December 4, 2015, Plaintiff was assigned to the Security Housing Unit (Segregation) and housed in Facility 4B, Building 2L, cell 48. Defendant C/O DoCanto was assigned to this same housing unit, where he worked as a floor officer on second watch.

On November 12, 2015, Defendant DoCanto used excessive force against Plaintiff. On December 2, 2015, Plaintiff filed an administrative appeal addressing the excessive force incident, CSPC-6-15-07851.

On December 4, 2015, CSP-Corcoran staff transported Plaintiff to Kings County Superior Court. Upon information and belief, Defendant DoCanto went into Plaintiff's cell while Plaintiff was gone. DoCanto was escorting the nurse during afternoon medication delivery. Upon information and belief, and in retaliation for Plaintiff's excessive force complaint, Defendant DoCanto planted sharpened metal in Plaintiff's cell. DoCanto then "found" the sharpened metal he planted and attributed it to Plaintiff's possession. (Amended Complaint, ECF No. 16 at 8 ¶ 12.) DoCanto then authored a false Rules Violation Report against Plaintiff, accusing him of possessing dangerous contraband. DoCanto proclaims to have disposed of this dangerous contraband.

Lieutenant Brodie [not a defendant] held a disciplinary hearing on this charge, found Plaintiff not guilty, and dismissed the charge. Plaintiff pursued exhaustion of his administrative remedies until January 5, 2016. Therefore, the statute of limitations was tolled until then. Plaintiff is serving a life sentence with the possibility of parole and therefore, his statute of limitations is tolled for two more years. Plaintiff submitted his original Complaint to prison officials to be mailed to the court on January 1, 2020. Pursuant to the mailbox rule, that is the day it is considered filed.

As relief, Plaintiff requests monetary damages including punitive damages.

## IV.   PLAINTIFF'S RETALIATION CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

>secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

///

**Retaliation – First Amendment Claim**

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory acts against him and his protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). A plaintiff can allege retaliatory intent with a timeline of events from which retaliation can be inferred. See Watison, 668 F.3d at 114. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

Plaintiff's allegation that on December 2, 2015, he filed an administrative appeal against Defendant DoCanto for using excessive force on November 12, 2015 is sufficient to show that Plaintiff participated in protected conduct. The filing of an inmate grievance is protected conduct. Rhodes, 408 F.3d at 568.

Plaintiff describes adverse actions -- planting contraband in Plaintiff's cell and then writing a false RVR accusing Plaintiff of possessing the contraband -- actions he believes were taken against him by Defendant DoCanto. However, Plaintiff fails to allege facts supporting his belief that Defendant DoCanto planted sharpened metal in Plaintiff's cell in retaliation for Plaintiff's prison appeal against DoCanto.

After the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007), [a plaintiff's] factual allegations [in the complaint] "must . . . suggest that the claim has at least a plausible chance of success." Dat Thanh Luong v. Alameda Cty., No. 17-cv-06675-EMC, 2018 U.S. Dist. LEXIS 73713 (N.D. Cal. May 1, 2018) (internal quotation marks and citations omitted). In other words, [the] complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (internal quotation marks omitted) (quoting Iqbal, 556 U.S. at 678.)

The Ninth Circuit has settled on a two-step process for evaluating pleadings: First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Id. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Id. (citing Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014)). Notably, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678.)

The Ninth Circuit has held that the Iqbal/Twombly plausibility standard does not prevent a plaintiff from pleading facts alleged upon *information and belief*. Id. But while facts may be alleged upon *information and belief*, that does not mean that conclusory allegations are permitted. Id. A conclusory allegation based on *information and belief* remains insufficient under Iqbal/Twombly. Id. An allegation made on information and belief must still be "based on factual information that makes the inference of culpability plausible," although a court may take into account whether "facts are peculiarly within the possession and control of the defendant." Id. (internal quotation marks omitted) (quoting Menzel v. Scholastic, Inc., No. 17-cv-05499-EMC, 2018 U.S. Dist. LEXIS 44833, at *5 (N.D. Cal. Mar. 19, 2018)).

Here, Plaintiff's allegations that Defendant DoCanto acted against him out of retaliation are conclusory and fail to reach a level of plausibility. Plaintiff states that "[u]pon information and belief, DoCanto went into Harris's cell while he was gone; DoCanto was escorting the nurse

during afternoon delivery," and "[u]pon information and belief, and in retaliation for Harris's excessive force complaint, DoCanto planted sharpened metal in his cell." (ECF No. 16 at 7-8 ¶¶ 10, 11.)  Importantly, Plaintiff does not explain what facts lead him to believe that DoCanto was escorting the nurse on the 4th for afternoon medication delivery when Plaintiff was out to court on that day;  nor what facts lead him to believe that medication delivery was made that day;  nor explains how DoCanto could plant contraband in his cell while being accompanied by the nurse without the nurse observing DoCanto's actions; nor how DoCanto learned of Plaintiff's appeal on December 4th when it was filed only two days prior.  As to all of this Plaintiff then speculates, without any supporting facts, that Defendant DoCanto planted a sharpened metal in Plaintiff's cell, "found" it later, and wrote a false RVR accusing Plaintiff of possession of contraband.

Thus, based on the foregoing, the court finds that Plaintiff fails to state a cognizable claim against Defendant DoCanto for retaliation as his claim is based almost in whole on wild speculation.

**V.      CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint.  The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1.      This action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen days** after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 26, 2021**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE